UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAMON QUIROZ, HELEN QUIROZ, JESSCIA
ANGEL QUIROZ,

               Plaintiffs,

        - against -                     **ORDER**
                                              10-CV-2485 (KAM) (JMA)

U.S. BANK NATIONAL ASSOCIATION, NEW
CENTURY MORTGAGE CORPORATION,
HOMECOMINGS FINANCIAL GMAC MORTGAGES,
STEVEN J. BAUM,

               Defendants.
----------------------------------------------------------X

**AZRACK, United States Magistrate Judge:**

On August 17, 2010, plaintiff Ramon Quiroz ("Quiroz") submitted a letter to the Court, stating that Nick Carpio personally served an employee of defendant Steven Baum ("Baum") with a copy of the summons and complaint. Quiroz also stated that he mailed copies of the summons and complaint to defendants Homecoming Financial and GMAC RESCAP (collectively "corporate defendants") by certified mail. Plaintiff was unable to find the proper address for defendant U.S. Bank National Association as Trustee.

I find that plaintiffs have properly served Baum. However, plaintiffs have not properly served the corporate defendants because plaintiffs failed to provide the corporate defendants with "two copies of a statement of service by mail and acknowledgement of receipt in the form" with "a return envelope, postage prepaid, addressed to the [defendant]." C.P.L.R. § 3129(a). See also Husner v. City of Buffalo, 172 F.3d 37, 1999 WL 48776, at *2 (2d Cir. 1999) (finding service defective where plaintiff "mailed the summons and complaint, but did not include two copies of his 'proof of service-acknowledgment of service' form or a return envelope, postage prepaid"). Plaintiffs may also effect service on the corporate

defendants by serving a copy of the summons and complaint on the Secretary of State. Fed. R. Civ. P. 4(h)(1)(B) ("When serving a corporation, plaintiff can "deliver a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law."); see also Nouveau Elevator Industries, Inc. v. Continental Cas. Ins. Co., No. 5-CV-813, 2006 WL 1720429, at *4 (E.D.N.Y. Jun. 21, 2006) ("The secretary of state shall be the agent of every domestic corporation ... upon which process against the corporation may be served.") Plaintiffs may contact the California Secretary of State for information on defendant U.S. Bank National Association as Trustee.

Plaintiffs are directed to carefully review the Federal Rule of Civil Procedure 4(e) and New York Rules of Civil Procedure, Rules 308, 311, and 312, which outline the requirements for proper service of process. Plaintiffs may use any of the relevant methods to serve defendants; however, they must comply in full with the governing rules. Failure to do will may result in a dismissal for failure to prosecute pursuant to Rule 4(m).

As previously ordered, plaintiffs have until September 29, 2010 to properly serve defendants. As mentioned in my prior Order on August 10, 2010, plaintiffs' motion to appoint counsel (Dkt. No. 4, 6/23/10) and motion to compel discovery (Dkt No. 5, 7/22/10) shall be held in abeyance pending service on all defendants. **For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.**The Clerk of the Court is directed to mail a hard copy of this Order to the plaintiff.

SO ORDERED.

Dated: August 19, 2010
Brooklyn, New York

/Signed by Judge Azrack/

_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE