FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 16 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAMON QUIROZ, HELEN QUIROZ, JESSICA ANGEL QUIROZ,

           Plaintiffs,

- against -

U.S. BANK NATIONAL ASSOCIATION, NEW CENTURY MORTGAGE CORPORATION, HOMECOMINGS FINANCIAL GMAC MORTGAGES, STEVEN J. BAUM,

           Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
10-CV-2485 (KAM) (JMA)

**AZRACK, United States Magistrate Judge:**

By Notice of Motion dated June 23, 2010, Ramon Quiroz, Helen Quiroz, and Jessica Quiroz (collectively, "plaintiffs"), proceeding pro se and in forma pauperis, requested the appointment of counsel. (Dkt No. 4.) On July 26, 2010, Judge Matsumoto referred plaintiffs' motion to me for a report and recommendation. Upon a review of the application, I recommend that the motion for the appointment of counsel be denied.

Several factors govern a district court's consideration of an indigent party's application for appointment of counsel. First, the district court must ascertain whether "the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). If the indigent's claim meets this threshold, then the district court may consider, among other things: (1) plaintiff's ability to obtain representation independently; (2) his ability to handle the case without assistance in light of the required factual investigation; and (3) the complexity of the legal issues. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Courts are further required to "scrutinize carefully requests for appointment of counsel, and not grant such

applications indiscriminately." Katzman v. Freeh, 926 F. Supp. 316, 321 (E.D.N.Y 1996) (citing Cooper, 877 F.2d at 172).

Upon review of plaintiffs' complaint, plaintiffs do not assert any claims at this point in time that are "likely to be of substance" to pass the requisite threshold. Hodge, 802 F.2d at 61. I therefore recommend that the Court deny plaintiffs' motion without prejudice to renew after the adjudication of defendants' motion to dismiss.

The Clerk of the Court is directed to mail a hard copy of this Order to the plaintiff.

SO ORDERED.

Dated: September 17, 2010
Brooklyn, New York

s/Joan M. Azrack
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE